UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ROQUE DE JESUS TORRES, ALFONSO BATISTA,
and YOLANDA DIAZ, on of behalf themselves and all
others similarly situated,

                                Plaintiffs,

                   -against-

HWF REALTY MANAGEMENT, INC., 2710
MORRIS AVENUE CO., LLC, and HYMAN W. FEIN,

                            Defendants.
----------------------------------------------------------------X

Docket No.  18-Civ-994

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

**Collective Action and Class
Action Complaint**

      Plaintiffs Roque de Jesús Torres Alfonso Batista and Yolanda Diaz ("Plaintiffs"), by and

through their attorneys, Joseph & Norinsberg, LLC, allege on behalf of themselves and all others

similarly situated, as follows:

## NATURE OF CASE

      1.    Plaintiffs bring this action on behalf of themselves and on behalf of similarly

situated Plaintiffs for Defendants' systemic and continuous violations of (i) Federal and New York

State laws requiring overtime pay for employees; (ii) Federal and New York State laws requiring

minimum wage for employees; (iii) the requirement that employers furnish employees with an

accurate wage notice at the time of hiring, and on an annual basis, containing specific categories

of information under the NYLL § 195, codified as the New York Wage Theft Prevention Act (the

"NYWTPA"); and (iv) any other cause(s) of action that can be inferred from the facts set forth

herein.

      2.    Plaintiffs were non-exempt employees who worked at buildings operated by

Defendants until May 2017, when a change of management occurred. Plaintiff de Jesús Torres was

a building superintendent who worked for Defendants from 2008 to May 2017. Plaintiff Batista

was a porter who worked for Defendants from December 2014 to May 2017. Plaintiff Yolanda Diaz was a porter who worked for Defendants from 2009 to May 2017. Throughout the course of their employment, Plaintiffs regularly worked well over 40 hours each week without overtime pay as required by law. In addition, throughout the course of their employment, Plaintiff Batista and Diaz did not receive the required minimum wage, under federal and state law.

3.      Upon information and belief, Defendants operate as an enterprise, overseeing 12 buildings in the Bronx, willfully failing to pay the superintendents, handymen, and porters they employed lawful wages as required by law.

4.      Upon information and belief, Defendants share common employees, labor policies, and practices. Paychecks were issued to Plaintiffs by "HWF Realty A/A/F 2710 Morris Ave. Co."

5.      Plaintiffs bring this action on behalf of themselves and all other similarly situated present and former employees of Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and specifically the collective action provision of the FLSA, 20 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawful wages.  Plaintiffs also bring this action on behalf of themselves and a class of similarly situated former employees of Defendants, pursuant to Fed. R. Civ. P. 23, for violations of New York Labor Law ("NYLL") § 195 and 12 N.Y. Comp. Codes R. & Regs. ("NYCRR") § 146-2.2 and 2.3.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.*

7.      The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common

nucleus of operative facts, such that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) (2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b) (1), as the Defendants reside within this judicial district.

9.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## DEMAND FOR A JURY TRIAL

10.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

11.     Plaintiff Roque de Jesús Torres ("Torres") was and is an individual who, at all times relevant to this Complaint has been a resident of the Bronx and the City and State of New York.

12.     Plaintiff Torres was, between 2008 and May 2017, employed by Defendants as a building superintendent and unofficial handyman.

13.     At all times relevant to this Complaint, Plaintiff de Jesús Torres was an "employee" of Defendants within the meaning of the FLSA, 29 USC § 203(e), and NYLL § 190(2).

14.     Plaintiff Alfonso Batista was and is an individual who, at all times relevant to this Complaint has been a resident of the Bronx and the City and State of New York.

15.     Plaintiff Batista was, between December 2014 and May 2017, employed by Defendants as a porter.

16.     At all times relevant to this Complaint, Plaintiff Batista was an "employee" of Defendants within the meaning of the FLSA, 29 USC § 203(e), and NYLL § 190(2).

17.     Plaintiff Yolanda Diaz was and is an individual who, at all times relevant to this Complaint has been a resident of the Bronx and the City and State of New York.

18.     Plaintiff Diaz was, between 2009 and May 2017, employed by Defendants as a porter.

19.     At all times relevant to this Complaint, Plaintiff Diaz was an "employee" of Defendants within the meaning of the FLSA, 29 USC § 203(e), and NYLL § 190(2).

20.     At all times relevant to this action, Defendant HWF Realty Management, Inc. ("HWF Realty") was and is a domestic business corporation, with its principal place of business located at 300 Bronx Parks East, Bronx, New York 10467.

21.     Further, at all times relevant to this action, Defendant HWF Realty was and is engaged in interstate commerce, as defined by the FLSA, and its qualifying annual business exceeds $500,000.00, the combination of which subjects Defendant HWF Realty Management, Inc. to the FLSA's overtime and minimum wage requirements.

22.     At all times relevant to this action, Defendant 2710 Morris Ave., Co. LLC ("2710 Morris") was and is a domestic business corporation, with its principal place of business located at 300 Bronx Parks East, Bronx, New York 10467.

23.     Further, at all times relevant to this action, Defendant 2710 Morris was and is engaged in interstate commerce, as defined by the FLSA, and its qualifying annual business exceeds $500,000.00, the combination of which subjects Defendant 2710 Morris to the FLSA's overtime and minimum wage requirements.

24.     Upon information and belief, Defendants oversaw 12 buildings in the Bronx, including buildings at which the named Plaintiffs worked.

25.     At all times hereinafter mentioned, Defendant Hyman W. Fein ("Fein") was and is Chief Executive Officer of Defendant HWF Realty. Upon information and belief, Defendant Fein was also an owner, principal, member, and/or managing agent of Defendant 2710 Morris Ave.

26.     At all relevant times herein, Fein actively participated in the day-to-day operations of the Defendant companies, and was an "employer" pursuant to the FLSA, 29 U.S.C. §203(d), and the Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is, therefore, jointly and severally liable with the corporate Defendants listed herein.

27.     At all times hereinafter mentioned, Defendant Fein exercised control over the terms and conditions of Plaintiffs' employment, in that he had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; and (iv) otherwise affect the quality of the employees' work conditions and employment.

28.     Upon information and belief, at all relevant times, Defendants HWF Realty and 2710 Morris employed Plaintiffs and had the power to hire and fire them, supervised and controlled their work schedules and the conditions of their employment, determined the rate and method of their payment, and maintained their employment records.

29.     Upon information and belief, the named Defendants were the "employer" of the Plaintiffs within the meaning of the FLSA, 29 USC § 203(d), and NYLL § 190(3).

## COLLECTIVE ACTION ALLEGATIONS

30.     Plaintiffs bring their FLSA claims on behalf of themselves and all similarly situated persons who worked for Defendants as building superintendents, porters, or handymen at any point over the three years preceding the filing date of this Complaint, and who did not receive overtime pay for all hours worked more than forty in the work week and/or did not receive the required

minimum wage for all hours worked.  Collectively, said claims will be referred to as the "FLSA Collective Action."

31.     Defendants are liable under the FLSA for, *inter alia*, failing to pay overtime premiums at one-and-one-half times the regular rate of pay, and failing to pay the minimum wage, as required by law. There are numerous similarly situated present and former employees of Defendants who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

32.     The persons in the FLSA Collective Action identified above, including present and former employees over the relevant period, are unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendants. Upon information and belief there are at least 25 FLSA members, and there could be significantly more.

33.     The precise number of FLSA Class Members should be readily available from a review of the Defendants' personnel, scheduling, time and payroll records, and from input received from the collective Class Members as part of the notice and "opt-in" process provided by 29 U.S.C § 216(b).

## CLASS ACTION ALLEGATIONS

34.     Plaintiffs sue on their own behalf and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), defined to include: All superintendents, porters, and handymen employed by Defendants during the statutory period, who: (a) worked in excess of 40 hours per week, and were denied overtime wages at the statutory rate of one-and-a-half times the standard pay rate, in violation of the FLSA and the NYLL; and/or (b) did not receive the required minimum wage, in violation of the FLSA and NYLL.  Collectively, all said claims will be referred to as the "New York Class Action."

35.    *Numerosity:* The members of the Rule 23 Class are so numerous that joinder of all members in the case would be impracticable. Plaintiffs reasonably estimates there are at least 40 Class Members who reside and work in New York. The precise number of Class Members should be readily available from a review of Defendants' personnel and payroll records.

36.    *Commonality/Predominance:* There is a well-defined community of interest among the Rule 23 Class Members and common questions of both law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

> a.  Whether Defendants employed and/or jointly employed Plaintiffs and other similarly situated persons under New York law;
>
> b.  Whether Defendants violated the NYLL through their pay practices;
>
> c.  Whether Defendants violated the NYWTPA by failing to establish, maintain and preserve true and accurate payroll records;
>
> d.  Whether Defendants should be required to pay compensatory damages, attorneys' fees, costs, and interest for violating the NYLL; and
>
> e.  Whether Defendants' violations were willful.

37.    *Typicality:* Plaintiffs' claims are typical of those of the Rule 23 Class in that Plaintiffs and all other members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. Plaintiffs' claims arise from the same policies, practices, and course of conduct as other Rule 23 Class Members' claims and Plaintiffs' legal theories are based on the same legal theories as other Rule 23 Class Members, as detailed above.

38.    *Adequacy:* Plaintiffs will fully and adequately protect the interests of the Rule 23 York Class. Furthermore, Plaintiffs have retained counsel who are qualified and experienced in the litigation of wage-and-hour class actions.

39.     *Superiority:* A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, *inter alia*, it is economically unfeasible for the Rule 23 Class Members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

40.     The case will be manageable as a class action because Defendants should have payroll systems that will allow the wage-and-hour facts and damages issues in the case to be resolved with relative ease. Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate.

41.     Defendants have acted on grounds generally applicable to the Class, thereby making relief, including declaratory and/or injunctive relief, appropriate for the Class.

## CLASSWIDE FACTUAL ALLEGATIONS

### Failure to Pay Overtime Compensation and Minimum Wage

42.     Plaintiffs brings FLSA and NYLL claims on behalf of themselves and all similarly situated persons employed by Defendants.

43.     As building superintendents and porters, the job duties of the Plaintiffs and those similarly situated ("Class Members") included, *inter alia*: a) collecting and taking out garbage and recycling, b) making minor apartment repairs including flooring, c) plumbing repair, d) cleaning inside and outside the buildings, e) snow removal, and f) addressing emergencies and other tenants' concerns.

44.     All the work that Plaintiffs and Class Members performed was assigned by Defendants and/or Defendants were aware of all the work performed by Plaintiffs and class members.

45.     At all relevant times, Defendants had the right to control, and did in fact control, the hours, wages, assignments and schedules of the named Plaintiffs and all superintendents, porters and handymen working at the buildings they oversaw.

46.     At all relevant times, Defendants failed to keep complete and/or accurate records of the hours worked by and wages paid to the named Plaintiffs.

47.     As part of their regular business practices, Defendants intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and NYLL. This pattern or practice includes, but is not limited to:

    a.  Willfully failing to pay Plaintiffs and Class Members the required one-and-one-half times their regular rate of pay for hours worked in excess of forty per work week;

    b.  Willfully failing to pay Plaintiffs and Class Members the required minimum wage;

    c.  Failing to record hours or to establish, maintain and preserve for not less than six years contemporaneous, true, and accurate payroll records;

    d.  Failing to provide Plaintiffs and Class Members with yearly employment notices, as required by NYLL § 195(1)(a); and

    e.  Failing to provide Plaintiffs and Class Members with wage statements upon each payment of wages, as required by NYLL § 195(3).

48.     At all relevant times, Defendants failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

49.     Upon information and belief, Defendants' unlawful conduct as described herein is pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

50.     Defendants' unlawful conduct has been widespread, repeated, consistent, and willful.

## INDIVIDUAL FACTUAL ALLEGATIONS

### Plaintiff Roque de Jesús Torres

51.     Plaintiff Roque de Jesús Torres worked for Defendants from 2008 until May 2017.

52.     Defendants employed Plaintiff Torres as the residential superintendent of a 68-unit building located at 2710 Morris Avenue, Bronx, New York. Occasionally, Defendants also asked Plaintiff de Torres to help out at other buildings. His duties included, but were not limited to, plumbing, repairing, garbage, recycling, flooring, and dealing with emergencies.

53.     Defendants paid Plaintiff Torres a fixed salary on a weekly basis, regardless of the number of hours he worked. Occasionally, Plaintiff's wages were partially paid in cash in order to limit his recorded hours.

54.     During his employment with Defendants, Plaintiff Torres worked in excess of 40 hours per week, usually working six days a week. On Mondays through Fridays he worked at least 10 hours per day (from 7:00 a.m. to 5 or 6:00 p.m.) plus emergencies. Additionally, he worked on Saturday or Sunday three times per month. On average, Plaintiff Torres worked 65 hours per week.

55.     In addition to his hours actively working, Plaintiff was required to be on-call to deal with any situation or need that arose at 2710 Morris Avenue 24 hours a day, 7 days a week. Tenants would call Plaintiff on the company phone if they needed anything. For example, if a leak was reported, Plaintiff Torres would have to respond.

56.     In willful disregard of the FLSA, the NYLL, and the NYCRR, Defendants failed to pay Plaintiff Torres overtime premiums at one-and-one-half times the regular rate of pay. Additionally, in violation of the NYWTPA, Defendants failed to maintain true and accurate payroll records, among other violations.

57.     Plaintiff Torres has been designated as a class representative for the FLSA Collective Action and the New York Class.

**Plaintiff Alfonso Batista**

58.     Plaintiff Alfonso Batista worked for Defendants from December 2014 until May 2017.

59.     Defendants employed Plaintiff Batista as a porter in the 68-unit building located at 2710 Morris Avenue, Bronx, New York. His duties included, but were not limited to, cleaning the inside and backyard of the building, and snow removal.

60.     Defendants paid Plaintiff a fixed gross salary of $160.00 on a weekly basis, regardless of the number of hours he worked. As Plaintiff Batista worked on average 42-44 hours per week, this compensation was plainly unlawful and constituted a gross violation of federal and state minimum wage requirements.

61.     Additionally, throughout his employment with Defendants, Plaintiff Batista worked in excess of 40 hours per week, working seven days a week, as detailed above. Nonetheless, throughout his employment with Defendants, Plaintiff Batista was denied overtime wages at the statutory rate of one-and-one-half times the standard pay rate, in violation of the FLSA and the NYLL.

62.     Likewise, throughout his employment with Defendants, Plaintiff Batista never received the minimum wage to which he was entitled pursuant to Federal and State law.

63.     Additionally, in violation of the NYWTPA, Defendants failed to maintain true and accurate payroll records, among other violations.

64.     Plaintiff Batista has been designated as a class representative for the FLSA Collective Action and the New York Class.

**<u>Plaintiff Yolanda Diaz</u>**

65.     Plaintiff Yolanda Diaz worked for Defendants from 2009 until May 2017.

66.     Defendants employed Plaintiff Diaz as the residential porter of two separate residential buildings simultaneously until November 2014.

67.     Plaintiff Diaz was the porter of a 68-unit building located at 2710 Morris Avenue, Bronx, New York from 2009 through November 2014.

68.     Plaintiff Diaz was the porter of a 72-unit building located at 1534 Selwyn Avenue, Bronx, New York from 2009 until May 2017.

69.     Plaintiff Diaz's duties at both locations included, but were not limited to, cleaning the inside and backyard of the building, and snow removal.

70.     Defendants paid Plaintiff a fixed gross salary of $150.00 on a weekly basis, regardless of the number of hours she worked. Plaintiff Diaz worked an average of 70 hours per week while working at both residential buildings.  When Plaintiff Diaz stopped working at the 2710 Morris Avenue location, her hours were reduced to an average of 49 hours per week. Thus, at all relevant times, her compensation was plainly unlawful and constituted a gross violation of federal and state wage requirements.

71.     Specifically, Plaintiff Diaz was denied overtime wages at the statutory rate of one-and-one-half times the standard pay rate, in violation of the FLSA and the NYLL.

72.      Likewise, Plaintiff Diaz never received the minimum wage to which she was entitled pursuant to Federal and State law.

73.     Additionally, in violation of the NYWTPA, Defendants failed to maintain true and accurate payroll records, among other violations.

74.     Plaintiff Diaz has been designated as a class representative for the FLSA Collective Action and the New York Class.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime under the FLSA)

75.     Plaintiffs, FLSA Plaintiffs, and the New York Class repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

76.     Defendants violated the rights of Plaintiffs and Class Members by failing to pay overtime compensation at a rate not less than one-and-one-half times the regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(l).

77.     Defendants' failure to pay Plaintiffs and Class Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

78.     Defendants are liable to Plaintiffs and Class Members for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Overtime under the NYLL and the NYCRR)

79.     Plaintiffs, FLSA Plaintiffs, and the New York Class repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80.     NYLL § 160 and 12 NYCRR 142-2.2 require employers to compensate their employees at a rate not less than one-and-one-half times their regular rates of pay for any hours worked in excess of forty per week.

81.     Plaintiffs and Class Members were required to work in excess of forty (40) hours per week without being compensated for those hours at the statutorily required rate of one and a half (1 ½) times their regular rate of pay.

82.     These practices are in violation of the NYLL and NYCRR.

83.     These practices were willful and lasted for the duration of all relevant time periods. In fact, Defendants purposely established a scheme by which Plaintiffs and Class Members were paid by various entities, specifically to avoid paying overtime wages.

84.     By reason of the foregoing, Defendants are liable to Plaintiffs and Class Members for their unpaid overtime compensation, plus liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
**(Failure to Pay Minimum Wage in Violation of the FLSA)**

78.     Plaintiffs, FLSA Collective Action Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

79.     At all times relevant to this action, Plaintiffs, FLSA Plaintiffs and the New York Class (collectively, "Class Members"), were employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

80.     Defendants violated the rights of Plaintiffs and Class Members by failing to pay them the minimum wage for each hour worked in each discrete work week, in violation of the FLSA, 29 U.S.C. § 206(a)(l).

81.     Defendants' failure to pay Plaintiffs and Class Members the minimum wage was willful within the meaning of the FLSA, 29 U.S.C. § 255.

82.     Defendants are liable to Plaintiffs and Class Members for their unpaid minimum wages, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Unpaid Minimum Wages under the NYLL and NYCRR)

85.     Plaintiffs, FLSA Plaintiffs, and the New York Class repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

86.     New York Labor Law § 652 requires that employers compensate their employees at a minimum hourly rate of:

| July 24, 2009 | Increased from $7.15 to $7.25 |
| December 31, 2013 | Increased from $7.25 to $8.00 |
| December 31, 2014 | Increased from $8.00 to $8.75 |
| December 31, 2015 | Increased from $8.75 to $9.00 |
| December 31, 2016 | Increased from $9.00 to $9.70 |
| December 31, 2017 | Increased from $9.70 to $10.40 |

87.     Defendants violated the rights of Plaintiffs and Class Members by failing to pay them the minimum wage for each hour worked, in violation of the NYLL and the NYCRR.

88.     Defendants' failure to pay Plaintiffs and Class Members the minimum wage was willful within the meaning of the NYLL.

89.     By reason of the foregoing, Plaintiffs are entitled to the minimum rate of pay that they were legally due under the NYLL's minimum wage provisions. Plaintiffs are also entitled to

liquidated damages, interest, and attorneys' fees for the Defendants' violation of the NYLL's minimum wage provisions.

90.     Plaintiffs, FLSA Plaintiffs, and the New York Class repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

91.     By reason of the foregoing, the Defendants are liable in an amount to be determined at trial, plus liquidated damages, costs and attorneys' fees.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANTS**
**(Failure to Provide Annual Notices in Violation of the NYLL § 195(1))**

85.     Plaintiffs, FLSA Plaintiffs, and the New York Class repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

86.     Pursuant to NYLL § 195(1)(a), every employer is required to provide each employee with an annual notice, setting forth, among other things, "the rate or rates of pay and basis thereof."

87.     Defendants knowingly failed to comply with this provision by failing to provide Plaintiffs and Class Members with any kind of annual notice whatsoever, let alone an annual notice meeting the requirements of NYLL § 195(1)(a).

88.     NYLL § 198(1)(b) provides that any employee not provided such notice may collect damages of $50 for each work day that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

89.     During the course of Plaintiffs and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate annual notices as required by New York law.

90.     Based on the foregoing, Defendants are therefore liable to Plaintiffs and Class Members in the amount of $5,000 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

**SIXTH CAUSE OF ACTION AGAINST DEFENDANTS**
**(Failure to Provide Wage Statements in Violation of the NYLL § 195(3))**

91.     Plaintiffs, FLSA Plaintiffs, and the New York Class repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

92.     Pursuant to NYLL § 195(3), every employer is required to:

> furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

93.     Defendants knowingly failed to comply with this provision by failing to provide Plaintiffs and Class Members with wage statements meeting the requirements the requirements set forth above.

94.     NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damages of $250.00 for each work day that the violation occurred or continued to occur, up to a total of $5,000.00 per employee, together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief.

95.     During the course of Plaintiffs and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate wage statements as required by New York law.

96.     The paystubs provided to Plaintiffs and Class Members were woefully inadequate, and do not, and cannot satisfy the requirements of NYLL § 195(3).

97.     Defendants are therefore liable to Plaintiffs and Class Members in the amount of $5,000.00 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, pray for the following relief:

a.     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b.     Certifying the New York Class in accordance with Fed. R. Civ. P. 23(b)(3) or (c)(4) with respect to the claims set forth above;

c.     Designating Roque de Jesús Torres as a Class Representative;

d.     Designating Alfonso Batista as a Class Representative;

e.     Designating Yolanda Diaz as a Class Representative;

f.     Issuing a judgment declaring that Defendants willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

g.     Issuing a judgment declaring that Defendants willfully violated the NYLL;

h.     Granting judgment in favor of Plaintiffs, FLSA Plaintiffs, and the New York Class, and against Defendants;

i.     Awarding all available compensatory damages to Plaintiffs, FLSA Plaintiffs, and the New York Class, including, *inter alia*, all unpaid wages, lost interest owed, and liquidated damages under the FLSA, NYLL, and NYWPTA;

j.      Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action;

k.      Awarding pre-judgment and post-judgment interest to Plaintiffs on these damages; and

l.      Such further relief as this court deems appropriate.

Dated:   New York, New York
         February 5, 2018

Respectfully submitted,

JOSEPH & NORINSBERG, LLC

By: _____
Chaya M. Gouraric, Esq.
225 Broadway, Suite 2700
New York, New York 10007
Tel: (212) 227-5700
Fax: (212) 406-6890
*Attorneys for Plaintiffs and Putative Class*