# JOSEPH & NORINSBERG, LLC

225 Broadway Suite 2700
New York, NY 10007
Tel (212) 227-5700
Fax (212) 656-1889

_____

www.employeejustice.com

Chaya Gourarie, Esq.
chaya@norinsberglaw.com

January 14, 2020

**VIA ECF**
The Honorable Paul A. Crotty, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    ***Torres, et al. v. HWF Realty Management, Inc., et al.,***
              ***Docket No. 18-Civ-994 (PAC)***

Dear Judge Crotty:

      This firm represents Plaintiffs Roque de Jesus Torres, Alfonso Batista, Yolanda Diaz and Jorge Amadeo ("Plaintiffs") in the above-referenced employment matter. The parties write now to respectfully request a telephone conference with this Court to address any remaining questions or concerns the Court might have regarding the relief that the Plaintiffs requested in their correspondence, dated December 6, 2019. [Dkt. No. 65].

      By way of background, on August 27, 2019, Defendants served an offer of judgment upon Plaintiffs, pursuant to Rule 68 of the Federal Rules of Civil Procedure. Plaintiffs accepted same and filed a Notice of Acceptance. [Dkt. No. 54]. The Court declined to direct entry of the parties' Rule 68 Judgment, absent a review pursuant to <u>Cheeks v. Freeport Pancake House, Inc</u>., 796 F.3d 199 (2d Cir. 2015).

      Plaintiffs moved for reconsideration of the Court's denial on grounds that the mandatory language of Rule 68 obviated the need for judicial review. [Dkt. Nos. 60-61]. Further, Plaintiffs advised the Court that the question of whether Rule 68 judgments obviated the need for judicial was then pending before the Second Circuit in the matter of <u>Yu v. Hasaki Restaurant, Inc.</u>, Docket No. 17-3388.

      At a subsequent conference held before this Court on October 24, 2019, this Court stayed the instant case until such time as the Second Circuit issued a ruling in the <u>Yu v. Hasaki</u> matter. [Dkt. No. 64].

      On December 6, 2019, the Second Circuit issued a decision holding that, <u>inter alia</u>, "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims" and directing the district court below to "enter the judgment as stipulated in the parties' accepted Rule 68(a) offer." <u>Yu v. Hasaki Restaurant, Inc.</u>, Docket No. 17-3388. Based on <u>Yu</u>, Plaintiffs then requested that the Court direct entry of their Rule 68 judgment. [Dkt. No. 65].

The Honorable Paul A. Crotty
January 14, 2020
Page 2

      Plaintiffs now respectfully request a telephone conference with this Court to address any remaining questions or concerns that the Court might have regarding Plaintiffs' request that the Court "enter the judgment as stipulated in the parties' accepted Rule 68(a) offer." Yu, supra.

      We thank the Court for its attention to this matter.

                                                Respectfully submitted,

                                                Chaya M. Gourarie, Esq.