UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROQUE DE JESUS TORRES et al.,

              *Plaintiff*,

-*against*-                                      18 Civ. 994 (PAC)

HWF REALTY MANAGEMENT, INC.,          **OPINION & ORDER**

             *Defendant.*
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

The Court grants the parties' request for an Order to the Clerk of Court to enter judgment on the accepted Rule 68 Offer of Judgment (Dockets 54, 57), and the Clerk of Court is directed to enter judgment on the Rule 68 offer.

## BACKGROUND

On August 28, 2019, seeking to avoid judicial scrutiny of a settlement of a wage and hour claim brought pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 210 *et seq.*, the parties in this case executed an offer and acceptance of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. (*See* Dkts. 54, 57.) On September 3, 2019, the Court declined to approve a settlement that did not comply with the Second Circuit's holding in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), requiring judicial review of private settlements in FLSA cases to ensure they are fair. (*See* Dkt. 59.)

On September 16, 2019, Plaintiffs filed a motion for reconsideration despite the clear absence of controlling authority that would reasonably be expected to alter the Court's conclusion. (*See* Mot. for Reconsideration, Dkt. 60.) The parties did not offer any reason—let alone a compelling reason—for seeking to avoid judicial scrutiny.

On October 21, 2019, the Court held a conference where the parties requested that the Court stay the case pending a decision by the Second Circuit in *Hasaki*, which had yet to be decided.[1] The Court was unpersuaded by the simplistic assertion that Rule 68(a) procedure trumps the FLSA, leaving courts to a "purely administrative role." (*See* Mot. for Reconsideration at 3, Dkt. 60.) Instead, the Court indicated that permitting unsupervised Rule 68 settlements would be irreconcilable with the Second Circuit's decision in *Cheeks* and the FLSA, which generally has been interpreted to prohibit unsupervised private settlements. This is especially so because the FLSA is a protective statute and addresses specific risks of potential abuse, including, *inter alia*, that the settling "adversary" rarely has concern for how settlement monies are distributed. On the other hand, Rule 68 merely sets forth a procedure for how to achieve settlement, but not the terms of the settlement. In this Court's view, permitting unsupervised Rule 68 settlements would lead to unwise results—namely that a party could simply use a Rule 68 judgment to avoid the Court's review of the settlement award as required by *Cheeks*.

On December 6, 2019, the Second Circuit issued a decision in *Hasaki*.

## DISCUSSION

In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." 796 F.3d at 206. The Court emphasized that "the unique policy considerations underlying the FLSA, place the FLSA within Rule 41's 'applicable federal statute' exception." *Id.* In discussing Rule 41, the Second Circuit explained that "[r]equiring

---

[1] Certainly, avoiding delay was not the reason the parties sought to end-run judicial scrutiny because plaintiffs' counsel advocated for self-imposed delay by asking the Court to stay the matter until some undetermined time when the Second Circuit issued a decision in *Hasaki*.

2

judicial or [Department of Labor] approval of such settlements is consistent with what both the Supreme Court and our Court have long recognized as the FLSA's underlying purpose: "to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work." *Id.* (citing *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945) (internal quotation marks omitted)). The *Cheeks* court further emphasized that examining "potential abuse in such settlements[2]...underscores why judicial approval in the FLSA setting is necessary." *Id.* Significantly, the Second Circuit even cited to an FLSA case where plaintiffs, *pursuant to Rule 68*, accepted offers of judgment for $100 because they were unemployed and desperate for money—as evidence of abuse necessitating judicial review in the FLSA setting. *See id.* (citing *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 600 n. 4 (N.D. Ga. 2014)) (emphasis added).[3] There is no good reason in law or fact to elevate Rule 68 over Rule 41 when it comes to judicial review of FLSA settlements. Nonetheless, *Hasaki* holds that judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims. 944 F.3d at 411 ("[T]he FLSA does not require judicial approval of Rule 68(a) offers of judgment, we decline to extend *Cheeks*' judicial approval requirement to that context.").

In this Court's experience, this will create a real potential for abuse. Courts in this district have routinely rejected FLSA settlements pursuant to *Cheeks* for that very reason. *See e.g., Cegueda-Juarez v. Cleanwear USA 2, Inc.*, No. 18 CIV. 1604 (PAC), 2019 WL 5485253, at *1 (S.D.N.Y. Oct. 25, 2019). In a recent FLSA case, the parties settled a claim for overtime

---

[2] The *Cheeks* court pointed to several proposed FLSA settlements that district courts had rejected, which reflected abuse in such settlements including settlements involving unreasonable attorneys' fees and broad waivers to any and all possible claims not related to wage-and-hour issues. 796 F.3d at 206.

[3] In *Walker*, the Court determined that Rule 68 offers of judgment are not exempt from judicial review in the FLSA context. 300 F.R.D. at 605.

3

wages for $25,000 but allocated $23,000 for attorneys' fees and $2,000 for plaintiff. The Second Circuit found the total settlement sum of $25,000 to be reasonable but remanded the matter for the appropriate allocation of attorneys' fees and settlement to plaintiff. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 597 (2d Cir. 2020) (holding that the district court abused its discretion in rewriting the settlement to modify the allotment of settlement fees).[4] As the Second Circuit recognized in *Cheeks*, abuse is clearly evident even in FLSA cases involving offers of judgment under Rule 68.[5] 796 F.3d at 206 (citing *Walker*, 300 F.R.D. at n.4). The rule announced in *Hasaki* paves the way for parties to simply "use Rule 68(a) as an 'end run' to accomplish what *Cheeks* forbade." *Hasaki*, 944 F.3d at 425-26 (Calabresi, J., dissenting). The unfortunate result is that district courts, faced with settlements that they would have previously declined to approve pursuant to *Cheeks*, due to attorneys' fees being too high, or the general release being too broad, for example, will be forced to direct the Clerk of the Court to enter judgments submitted

---

[4] *Fisher* appears to have been appealed by the plaintiff who himself recovered "a windfall" of more than 700% of his alleged back wages owed. *See Fisher*, 18-2504, Appellant Brief, Dkt. 25 (2d Cir. Dec. 19, 2018). Perhaps plaintiff appealed because he wanted less money than he was originally awarded by the district court, although it is not clear why an appeal was necessary. Plaintiff could have paid his own lawyers, appealing the case on his behalf, more of the settlement money if he so desired. Meanwhile, the defendants did not appear in the case. The Second Circuit further noted that defendants seemed "to take no position in this action as the appeal involves the split of the settlement funds between plaintiff and his counsel." *Id.* at n.4. In this Court's experience, that stance is commonly taken by settling defendants in FLSA cases, and it leaves courts as the only check on the reasonableness of proposed attorney's fees that are otherwise unopposed, not subject to the typical adversary process. *See Cegueda-Juarez*, No. 18 CIV. 1604 (PAC), 2019 WL 5485253, at *1.

[5] That Rule 68 provides a potential for collusive abuse in FLSA cases is also borne out by the record developed by Judge Forrest in *Hernandez v. K Bread & Co.*, No. 15-CV-6848 (KBF), Dkt. 56 (S.D.N.Y. Jan. 10, 2017). As directed by the court, the parties in *Hernandez* submitted records of their correspondence in the days leading up to their offer and acceptance of a Rule 68 judgment. *Id.* at 4-5. The parties' communications established that they intended to use Rule 68 to evade judicial scrutiny of their settlement. *See id.* at 7 ("I just want to confirm that my client anticipates agreeing to either a Rule 68 or a withdrawal without prejudice so you can avoid the scrutiny the judges think the FLSA requires"), 8 ("Do we want to put the judge on notice of a settlement? If we turn around and dismiss without prejudice or file an[ ] accepted offer of judgment, is she going to inquire further? It's your concern. I have no issue with having the judge review the agreement, so let me know.").

pursuant to Rule 68. Whether this Court agrees or not, however, the Second Circuit's precedent on the FLSA governs. *See Hasaki*, 944 F.3d at 411.

Accordingly, the Clerk of the Court is directed to enter the offer of judgment submitted to the Court at Docket 57.

## **CONCLUSION**

The Clerk of the Court is directed to enter the offer of judgment submitted to the Court at Docket 57. The motion for reconsideration (Dkt. 60) is denied as moot. The Clerk of the Court is directed to close the case.

Dated: New York, New York
March 2, 2020

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge